MARION WALTON McCARTER, Appellant, v. PERCY H. DAVIS and JOHN P. M. JOHNSTON, Respondents.

Second Department, June 9, 1922.

Landlord and tenant — ejectment — action based on violation by tenant of subletting clause — separate defense not available as counterclaim — reformation must be pleaded as counterclaim — subletting clause is continuing one — waiver in one instance does not constitute entire waiver of clause — waiver not shown.

In an action of ejectment based on a violation by a tenant of a clause in the lease against subletting, if the tenant wishes to have the lease reformed by striking out the subletting clause on the ground that it was put into the lease by a mutual mistake and did not represent the agreement of the parties, he must plead the facts by way of counterclaim, and where he pleads the facts as a " further defense and new matter " no issue on the question of reformation is raised, especially where the plaintiff does not reply.

A covenant against subletting without the consent of the landlord is a continuing one, and the fact that the landlord waived the clause in one instance does not constitute an entire waiver of the covenant, and a subsequent breach thereof will give rise to a separate and distinct cause of action for a forfeiture.

A statement by the plaintiff in a casual conversation that the defendant might do anything that he pleased with the premises but requesting him not to rent to a Jew, which statement and request were made in a conversation about the removal of plants, did not warrant the jury in finding an intent to waive all grounds of forfeiture for all future violations of the covenant against subletting, and the verdict of the jury that there was a waiver was against the weight of the evidence.

APPEAL by the plaintiff, Marion Walton McCarter, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Westchester on the 22d day of October, 1921, upon the verdict of a jury, dismissing the complaint upon the merits.

*William A. Davidson,* for the appellant.

*Frederick William Sherman,* for the respondents.

KELBY, J.:

The action is in ejectment. Plaintiff alleged that the defendant Davis, a tenant of the plaintiff, violated a condition in the lease against subletting the property. After some immaterial denials in the answer the defendant set up as a first defense that the covenants in the lease mentioned in the complaint in so far as they attempted to restrain the right of the tenant Davis to let or underlet the premises were waived by the plaintiff subsequent to the making of the lease and prior to any subletting thereunder.

The 5th paragraph of the answer pleaded as " a further defense

and new matter " that the lease mentioned in the complaint was entered into by the tenant for the express purpose of subletting during the summer months, and alleged that as an inducement to the making of the lease the plaintiff suggested and stated to the defendant that if he would surrender the lease of other premises of the plaintiff then held by the tenant at a lower rental, and lease the premises described in the complaint, said premises might be by said defendant sublet; that " the clause mentioned in the complaint as restricting the defendant against sub-letting the said premises was printed into the blank form on which the said lease was drawn * * * and was not observed by the defendant until recently, * * * but the said lease was executed by him as the plaintiff then and there well knew relying upon the representation and agreement * * * of the plaintiff that he might sub-let the said premises, and upon the representation made by the plaintiff to induce defendant to sign this lease, and in the belief that the said lease embodied the said agreement of the parties and permitted by its terms, him to so sub-let the said premises as the plaintiff then and there well knew. And the said lease upon said representation was signed as aforesaid by the defendant under the aforesaid mistake of fact and belief as to the presence in the said lease of any covenant, restriction or provision whatever limiting or restraining the defendant from sub-letting the said premises as the plaintiff then and there well knew." Then follows a paragraph in which the " defendant prays for affirmative relief that the said lease be reformed by striking from the second page thereof the words ' He will not assign this lease nor let or sub-let the whole or any part of the said premises.' " Then as a final prayer for relief defendant asks judgment " dismissing the said complaint with costs and reforming the said lease as hereinbefore specified." It will be noted that while these facts were pleaded " as a further defense and new matter," and while affirmative relief was demanded to reform the lease, the answer did not expressly aver that the new matter was pleaded as a *counterclaim.* No reply to the " new matter " was served by the plaintiff.

The lease between the parties demised the premises described in the complaint for the term of three years from October 1, 1919, at an annual rental of $2,000, to be paid in equal monthly installments in advance. The lease contained the following covenants:

" And it is agreed that if any rent shall be due and unpaid, or if default shall be made in any of the covenants herein contained, then it shall be lawful for the said party of the first part to re-enter the said premises and the same to have again, repossess and enjoy.

" And the said party of the second part [defendant] further covenants that he will not assign this Lease, nor let or underlet the whole or any part of the said premises, nor make any alterations therein without the written consent of the said party of the first part, under the penalty of forfeiture and damages."

Concededly on June 1, 1921, the defendant sublet the premises to one Johnston as subtenant for a period of three and a half months, from June 1, 1921, to October 15, 1921, at a rental of $2,000 for said term. And it is for this alleged wrongful subletting that plaintiff sues in ejectment. It is also conceded that in the summer of 1920 the defendant sublet the premises to two women described in the record as " a couple of French actresses."

Counsel for defendant in making his opening address to the jury stated that he would prove that the plaintiff made statements to the defendant which in effect urged defendant to move from other premises owned by plaintiff to the premises in question; that upon defendant stating he could not afford to pay the $2,000 rent the plaintiff said: " That does not make any difference, you can sublet it." This statement was objected to by plaintiff's counsel, whereupon the learned trial justice ruled that the alleged conversation could not be proved, the court saying: " You have got to bring your action for reformation before this action is tried. * * * You have a written instrument here. If you want to have that reformed you better take the necessary steps to have that reformed before you do anything else. * * * I will sustain the objection. The only issue to be tried here is did the plaintiff waive the subletting? " Defendants' counsel had previously stated that " Equitable and legal defenses may be joined by the express provision of the Code."*

If the facts pleaded as " a defense and new matter " had been characterized and expressly pleaded as a " counterclaim," the plaintiff would doubtless have served a reply and the issue then tendered could have been tried in this action. (*Madison* v. *Benedict*, 73 App. Div. 112.) Not having so pleaded, no reply was required, and the plaintiff and the trial court were justified in treating the facts pleaded as constituting a defense. (*Equitable Life Assurance Society* v. *Cuyler*, 75 N. Y. 511, 514.)

If the defendant desires to tender this issue, the answer should be amended to plead the facts by way of counterclaim.

The case went to the jury solely on the question as to whether or not the plaintiff had waived the covenant of the lease against subletting. The plaintiff conceded that the covenant had been

waived during the summer of 1920, when the tenant sublet to the two French actresses. But the covenant not to sublet was a continuing one, and each subsequent breach thereof gave rise to a separate and distinct cause of action for a forfeiture. Plaintiff, therefore, is not estopped from claiming a forfeiture for violation of the covenant in 1921, because she waived such covenant for the summer season of 1920. (*Ireland* v. *Nichols*, 46 N. Y. 413; *Conger* v. *Duryee*, 90 id. 594.)

The evidence upon which the jury found a waiver of the covenant for the year 1921, under the law given by the learned trial justice, is very unsatisfactory in its nature. The defendant testified to a conversation with plaintiff as follows: " Just after I went up to the house on Locust Avenue in October, 1919, * * * I asked her if I could remove some evergreen trees " from the center of the lawn to the driveway. " She said ' Yes, you can. * * * My dear sir, this house is yours for the next three years, and you can do anything you please with it only promise me that you won't rent it to a nasty dirty Jew.' " This conversation was denied by plaintiff. Even if believed, we think it insufficient to support a finding of waiver of the formal written covenant in the lease. If said at all, it was merely a casual answer addressed to a question regarding the removal of plants, and does not warrant the finding of an intent to waive all grounds of forfeiture for all future violations of the covenant against subletting.

The judgment and order should be reversed on the law and facts, and a new trial granted, with costs to appellant to abide the event.

Blackmar, P. J., Rich, Jaycox and Manning, JJ., concur.

Judgment and order reversed on the law and the facts, and new trial granted, costs to abide the event.