In the Matter of REVERE ASSOCIATES, INC., Petitioner, against MAURICE FINKELSTEIN et al., Constituting the Temporary City Housing Rent Commission of the City of New York, Respondents.

Supreme Court, Special Term, New York County, June 21, 1948.

*David I. Michaelson* and *Ira W. Levitas* for petitioner.

*Nathan W. Math* and *Joseph Jay* for respondents.

WALTER, J. Petitioner, owner of a multiple dwelling, applied to the Temporary City Housing Rent Commission of the City of New York for a certificate of eviction upon the ground that the tenant to whom it had rented an apartment in its building had violated an obligation of the tenancy by subletting the apartment without petitioner's consent. The commission failed to act upon the application for what petitioner regarded as an unreasonable length of time, and it commenced this proceeding for an order requiring the commission to grant the application. Before the matter came on for hearing, the commission denied the application and petitioner very properly asks that the proceeding be now deemed and treated as one to review and annul the commission's determination.

Local Law No. 66, effective September 17, 1947, inserting section U41–7.0 in the Administrative Code of the City of New York (validated by L. 1948, ch. 4), provides that before instituting any action or proceeding to evict a tenant or recover possession of an apartment, except for nonpayment of rent, the person instituting the same shall apply to the commission for

a certificate of eviction, and that, except for nonpayment of rent, no tenant shall be removed from any apartment by action or proceeding to evict or recover possession, by exclusion from possession, or otherwise, unless the commission shall certify that one or more of certain specified grounds for exclusion or eviction exists. One of such grounds is that the tenant is violating an obligation of his tenancy other than an obligation to pay rent higher than the landlord is legally entitled to demand or receive or an obligation to surrender possession of the apartment.

Petitioner's claim that the apartment had been sublet was disputed and I cannot say that in refusing to find that it had been the commission acted arbitrarily or capriciously.

However, in this particular instance the fact to be found by the administrative agency is a single, simple, specific, concrete fact of a kind which for ages has been deemed peculiarly appropriate for judicial determination, viz., whether or not one party to a contract has breached it; and the finding is to be made, not as part of or step in or basis for discretionary action by the administrative agency, but merely as a prelude to a later judicial determination of the same question, with the further element that if the administrative agency refuses to find that the contract has been breached by the tenant, such refusal itself operates to prevent any judicial determination of the question and effectually bars the landlord from any remedy of any sort.

The situation here thus differs radically from the usual case of an administrative finding as a basis for administrative action and from every case of judicial review of administrative action with which I am familiar; and I think the general rule limiting such review to instances of arbitrary or capricious action on the part of the administrative agency has no application.

I think it best not to attempt to formulate the rule to be applied in cases of this kind until there has been greater experience in the actual working of the particular statute here involved, but tentatively I venture to think that the test to apply is to give the commission's action something less than the weight we attach to the verdict of a jury and annul a refusal to find that a tenant has violated his lease whenever the evidence is such as to afford reasonable ground to believe that upon a judicial investigation of the question the landlord probably will prevail.

The evidence here at least measures up to that standard and the commission's determination is annulled and it is directed to issue the requested certificate. Settle order.