In the Matter of PARK EAST LAND CORP., Petitioner, against MAURICE FINKELSTEIN et al., Constituting the Temporary City Housing Rent Commission of the City of New York, Respondents.

Supreme Court, Special Term, New York County, July 15, 1948.

*Richard M. Monfried* and *Emanuel L. Kayman* for petitioner.

*Nathan W. Math* and *Joseph Jay* for respondents.

WALTER, J. An apartment in a multiple dwelling now owned by petitioner was leased to a man whose family consisted of himself and a wife and son. The lease provided that the apartment was to be used and occupied as a strictly private dwelling by the tenant and his immediate family. After expiration of the term of the lease the tenant and his wife and son remained in possession under existing emergency rent laws as statutory tenants. The tenant died, his widow remarried and moved elsewhere, and her new husband's daughter and son-in-law have moved into the apartment and are now occupying it with the tenant's son. It is said that the daughter and son-in-law of the new husband pay no rent and are living in the apartment merely as guests until they can find an apartment of their own.

Petitioner applied to the Temporary City Housing Rent Commission of the City of New York for a certificate of eviction on the ground that in allowing the daughter and son-in-law of the new husband to live in the apartment the tenant is violating a substantial obligation of the tenancy, they not being members of the tenant's immediate family. The commission denied the application and petitioner brings this proceeding to review and annul such denial.

Such a certificate, even if granted, would not of itself authorize petitioner to evict the present occupants of the apartment. Under the existing local law of the city of New York regulating evictions from housing accommodations, such certificate is merely a condition precedent to the institution of a proceeding in the Municipal Court to obtain such eviction, and in such proceeding the question whether there has been a violation of a substantial obligation of the tenancy can and will be judicially determined.

Little weight, I think, is to be accorded to an administrative finding which is not a part of, step in, or basis for discretionary action by the administrative agency and the effect of which is to prevent a judicial determination of what is essentially a justiciable question peculiarly appropriate for judicial determination (see *Matter of Revere Associates* v. *Finkelstein,* 193 Misc. 699). Nevertheless, the requirement in Local Law No. 66 of 1947 of the City of New York, that a landlord obtain a certificate from the temporary city housing rent commission before

instituting a proceeding to evict a tenant upon the ground that he has violated a substantial obligation of his tenancy, must have been intended as some sort of a limitation upon the landlord's right to evict whenever and merely because there has been such a violation. The intent must have been to vest in the commission a power to do something more than or something different from merely determining a narrow legal question of whether or not there was violation from a strictly legal point of view; and where, as here, the claimed violation, if it exist at all, is purely technical and actually causes the landlord no real legitimate loss and does not subject his property to an essentially unlawful use, and the effect of the administrative agency's refusal of the certificate plainly tends to promote the policy of the law by making the apartment available as a home for people who need a home, I do not think the refusal is in excess of the administrative agency's power or so arbitrary or unreasonable that the courts should interfere.

This proceeding is accordingly dismissed.