In the Matter of BOYD H. WOOD Co., Petitioner, against MAURICE FINKELSTEIN et al., Constituting the Temporary City Housing Rent Commission of the City of New York, Respondents.

Supreme Court, Special Term, Kings County, November 23, 1948.

*Matthew W. Wood* for petitioner.

*Nathan W. Math* for respondents.

FROESSEL, J. Application for an order reviewing the action of the respondents, the temporary city housing rent commission, in denying petitioner's application for a certificate of eviction.

Petitioner's application to the respondents was based on the claim that the tenant was violating a substantial obligation of the tenancy, in that the apartment was being occupied by more persons than had been contemplated by the landlord, when he originally let the apartment. The facts are as follows:

Petitioner rented the apartment to the tenant on December 1, 1936, allegedly on the understanding that it would be occupied by the tenant and her son, who was then about sixteen years of

age.' They both occupied the apartment until the son was inducted into the military service in March, 1943. Thereafter the mother continued to reside there alone. While in the military service and in October, 1944, the son married. Upon his separation from the service in February, 1946, he returned to the home he had left, bringing with him his wife. Thereafter and in December, 1946, a child was born to them. The mother is employed as a domestic and returns home every week-end. The petitioner appears to have collected rent under these circumstances for well over a year before applying to the commission for a certificate.

Certainly these facts do not spell out a substantial violation of the tenancy (*Matter of Park East Land Corp.* v. *Finkelstein*, 193 Misc. 783). This was the son's home, as well as his mother's, for thus it was rented. His absence in the military service made it nonetheless so. It is inconceivable that marriage required him to give up his home, or that a child born of the marriage would have the same consequences. Indeed, the public policy of this State may be found in the Penal Law which makes it a misdemeanor to refuse to rent to a person merely because he has a child or children (§ 2041) or to provide in a lease that during the term thereof " the tenants shall remain childless or shall not bear children " (§ 2042).

Upon the record before me, the determination of the respondents is clearly neither arbitrary nor capricious, but, on the contrary, sound and reasonable, and the application must be denied.

Submit order.