The proof before the rent commission established the continuing breach by the tenant of the covenant against subletting and required issuance of a certificate of eviction. (Matter of Revere Associates v. Finkelstein, 193 Misc. 699, 701, revd. on other grounds, 274 App. Div. 440.) Violation of a covenant against subletting presents a continuing cause for forfeiture. (Conger v. Duryee, 90 N. Y. 594, 599; McCarter v. Davis, 202 App. Div 519, 522.) Whether there has been a waiver by the landlord of the violation of that substantial obligation of the tenancy is a matter for judicial determination which may be had in a court proceeding to evict the tenant. The issuance of a certificate of eviction is a condition precedent to the institution of such a proceeding. (Matter of Atkin v. Finkelstein, 85 N. Y. S. 2d, 178, 179, affd. 274 App. Div. 916.) Carswell, Sneed, Wenzel and MaeCrate, JJ., concur; Nolan, P. J., dissents and votes to remit the matter to appellants to determine whether or not there has been a violation of a substantial obligation of the tenancy by subletting, without respondent’s written consent, on consideration of all the circumstances, including the asserted waiver by respondent of such violation by acceptance of rent with knowledge thereof. (Cf. Ireland, v. Nichols, 46 N. Y. 413.) That question, which appellants have not yet determined, should be determined by them, in the first instance, at least, and not by the court. (Matter of Park East Land Corp. v. Finkelstein, 299 N. Y. 70; Matter of BCC Holding Corp. v. Coster, 194 Misc. 537.)