■ INSURANCE COMPANY OF NORTH AMERICA, Appellant, v CHINOISE RESTAURANT & TRADING CORP. et al., Respondents. — In an action to declare the rights of the parties under an insurance contract, plaintiff appeals from an order of the Supreme Court, Westchester County (Ruskin, J.), dated December 10, 1980, which (1) denied its motion for a summary judgment and (2) determined that defendant Chinoise Restaurant & Trading Corp. is entitled to be defended by plaintiff in the suit brought against it by the Volkmans. Order affirmed, with $50 costs and disbursements to defendant Chinoise. On September 4, 1979, Barry Volkman took his three sons, Michael, Philip and Kenneth, to have dinner at the Chinoise Restaurant in Hartsdale. Michael and Philip, aged 14 and 12 years respectively, were disabled and confined to wheelchairs. Volkman alleges that the manager of Chinoise, Danny Sheng, refused to accommodate them at the regular dining tables although "the main room of the restaurant was nearly empty". Sheng allegedly told them that they had to wait until a table in the "party room" was set up for them. The "party room" was behind a wall, closed off from the main dining room. When the Volkmans inquired about sitting at their regular table, Mr. Sheng stated that "it was the restaurant's 'new policy'" and that "my customers have complained that they are upset to look at you." The Volkmans sued Chinoise, alleging that such behavior on the part of Chinoise constituted a violation of section 296 (subd 2, par [a]) of the Executive Law (the Human Rights Law) and that all four of the Volkmans had suffered "great mental anguish and humiliation by the unlawful discriminatory practices of [Chinoise]." Each of the Volkmans was alleged to have suffered $100,000 in damages. On the date of this incident, plaintiff herein, the Insurance Company of North America (INA), had in force a policy covering Chinoise against certain claims. INA, however, disclaimed coverage and commenced this action to determine the rights of the parties under the policy. The policy contains the following pertinent language: "SECTION II COVERAGES Legal Liability * * * The Company shall have the right and duty to defend any suit against the Insured seeking damages on account of such personal injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent". The policy also contains the following: "B — DEFINITIONS * * * 12. 'Personal injury' means bodily injury or if arising out of bodily injury, mental anguish. It also includes injury arising out of one or more of the following offenses committed in the conduct of the Named Insured's business. * * * GROUP B — the publication or utterance of libel or slander or of other defamatory or disparaging material, or a publication or utterance in violation of an individual's right of privacy". The policy contains conditions applicable to all of its section II coverages, among which are the following exclusions: "Under Section II, insurance shall *not* apply under coverages A and B with respect to: * * * r. Groups A, B and C of the definition of personal injury: * * * (2) To personal injury arising out of the wilful

violation of a penal statute or ordinance committed by or with the knowledge or consent of any Insured". Plaintiff moved for summary judgment. Chinoise opposed the motion and, in addition, requested that affirmative relief be granted in its favor declaring that plaintiff is obligated to defend it in the action commenced by the Volkmans. Special Term denied plaintiff's motion and granted the relief requested by Chinoise. INA has appealed, arguing that the allegations in the Volkmans' complaint against Chinoise are not embraced by the coverage afforded Chinoise in the policy. As was recently noted by the Court of Appeals in *Ruder & Finn v Seaboard Sur. Co.* (52 NY2d 663, 669-670): "It is a well-established legal principle that the duty of an insurer to defend is broader than its duty to pay (*Goldberg v Lumber Mut. Cas. Co. of N. Y.*, 297 NY 148, 154, *supra*). The duty to defend arises whenever the allegations in the complaint fall within the risk covered by the policy. It therefore includes the defense of those actions in which alternative grounds are asserted, even if some are without the protection purchased. Further, a policy protects against poorly or incompletely pleaded cases as well as those artfully drafted. Thus the question is not whether the complaint can withstand a motion to dismiss for failure to state a cause of action. Nor is the insured's ultimate liability a consideration. If, liberally construed, the claim is within the embrace of the policy, the insurer must come forward to defend its insured no matter how groundless, false or baseless the suit may be (*International Paper Co. v Continental Cas. Co.*, 35 NY2d 322, 325; *Lionel Freedman, Inc. v Glen Falls Ins. Co.*, 27 NY2d 364, 368; *Goldberg v Lumber Mut. Cas. Ins. Co. of N. Y.*, 297 NY 148, 154, *supra*)." We agree with Special Term that plaintiff herein has an obligation to defend in the action brought by the Volkmans against Chinoise. It is for the jury to determine whether such incident as allegedly occurred involved the making of "disparaging" remarks and was thus within those listed under group B of paragraph 12 of the policy. We do not find that the complaint in the Volkman action alleges a violation of a penal statute so as to fall within the exclusionary clause. "The insurer is cloaked with the burden of proving that the incident and claim thereunder came within the exclusions of the policy" (*International Paper Co. v Continental Cas. Co.*, 35 NY2d 322, 327; *Prashker v United States Guar. Co.*, 1 NY2d 584, 592). "[I]f the insurer is to be relieved of a duty to defend it is obligated to demonstrate that the allegations of the complaint cast that pleading solely and entirely within the policy exclusions, and, further, that the allegations, *in toto*, are subject to no other interpretation" (*International Paper Co. v Continental Cas. Co., supra*, p 325). Chinoise is not accused of violating section 299 of the Executive Law. In any event, "Although [that section] does provide for penal sanctions, it is similar to sections contained in the National and State Labor Relations Acts (U. S. Code, tit. 29, § 162 and Labor Law, § 709) which are not viewed as penal statutes" (*Matter of Marrano Constr. Co. v State Comm. for Human Rights*, 45 Misc 2d 1081, 1089). Thus, the policy exclusion does not bar Chinoise from being defended in the Volkman case by plaintiff INA. The question as to whether the plaintiff insurer is obligated to pay the amount of the verdict, if any, which may be rendered against Chinoise in that action will depend upon the basis found by the jury for such recovery. Mollen, P. J., Hopkins, Titone, Weinstein and Bracken, JJ., concur.