956 F.2d 275
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
MARYLAND CASUALTY CO., a Maryland corporation; Northern
Insurance Co. of New York, a New York corporation,
Plaintiffs-Counterclaim Defendants-Appellees,
v.
GEORGE HILLS CO., INC., a California corporation; Ron
Bishop; Walter Willson, Defendants-Counterclaim
Plaintiffs-Appellants.
 No. 91-15011.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 13, 1992.
Decided Feb. 28, 1992.
 
 Before FLETCHER, D.W. NELSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Maryland Casualty Co. and Northern Insurance Co. (collectively "Maryland") brought this action seeking a declaratory judgment that they were not obliged to defend their insureds, George Hills Co. and its employees (collectively "Hills"), in a sex discrimination suit filed against Hills by two former employees. Hills counterclaimed, seeking declaratory relief and damages. The district court held that Maryland was not obliged to defend Hills because the terms of the insurance policy did not cover the type of action filed against Hills. We affirm.
 
 
 3
 The complaint filed against Hills alleged misrepresentation, breach of contract, breach of the implied covenant of good faith and fair dealing, sex discrimination, and intentional and negligent infliction of emotional distress. Hills' insurance policy with Maryland includes coverage for "the publication or utterance of a libel or slander or of other defamatory or disparaging material." Hills contends that the phrase "disparaging material" encompasses the conduct alleged here, since the plaintiffs in the underlying sex discrimination suit point to two statements made by Hills employees which provide evidence of discrimination.[1] In determining whether Maryland is "potentially liable" under the policy, triggering its duty to defend, California law requires us to conduct an "independent review of the subject policy and the complaints" to determine whether the policy covers the claims. Allstate Ins. Co. v. Interbank Fin. Servs., 264 Cal.Rptr. 25, 27 (Ct.App.1989).
 
 
 4
 The tort of disparagement has a very specific meaning under California law. Disparagement combines two distinct common law torts, slander of title and trade libel, both of which involve deprecation of the property of another. See, e.g., Leonardini v. Shell Oil Co., 264 Cal.Rptr. 883, 898-900 (Ct.App.1989), cert. denied, 111 S.Ct. 293 (1990); Guess, Inc. v. Superior Court, 222 Cal.Rptr. 79, 81-82 (Ct.App.1986); Appel v. Burman, 206 Cal.Rptr. 259, 262 (Ct.App.1984), disapproved on other grounds 695 P.2d 189 (Cal.1985); 5 B. Witkin, Summary of California Law: Torts § 567, at 661 (1988); Restatement (Second) Torts § 623A. To make out a claim of disparagement, a plaintiff must allege that a defendant published a knowingly false statement harmful to the interests of another and intended such publication to harm the plaintiff's pecuniary interest. 5 B. Witkin, supra, at § 568.
 
 
 5
 Plaintiffs in the underlying sex discrimination suit did not explicitly state a claim for disparagement. This fact is not determinative under California law, however; "the insurer must furnish a defense when it learns of facts from any source that create the potential of liability under its policy." CNA Casualty of California v. Seaboard Surety Co., 222 Cal.Rptr. 276, 279 (Ct.App.1986). In this case, though, not only the complaint but also plaintiffs' entire theory of the case is unrelated to disparagement. Plaintiffs do not suggest that Hills' statements were false or that they harmed plaintiffs' pecuniary interests, much less that Hills knew they were false and intended to inflict harm. Where the facts of the case simply do not suffice to establish even the potential for liability, the insurer has no duty to defend. See Lunsford v. American Guarantee & Liability Ins. Co., 775 F.Supp. 1574, 1578 (N.D.Cal.1991) (citing Dyer v. Northbrook Property & Cas. Ins. Co., 259 Cal.Rptr. 298 (Ct.App.1989)).
 
 
 6
 Hills points to one case from the Appellate Division in New York which does indeed appear to hold that disparagement may extend to denigrating remarks made in any context. Insurance Co. of North Am. v. Chinoise Restaurant, 445 N.Y.S.2d 835 (App.Div.1981); see also Propis v. Fireman's Fund Ins. Co., 492 N.Y.S.2d 228, 231-32 (App.Div.1985) (suggesting same in dictum), aff'd 489 N.E.2d 250 (Ct.App.1985). The vitality of this holding is dubious even in New York. See Ruder & Finn, Inc. v. Seaboard Surety Co., 422 N.E.2d 518, 522-23 (Ct.App.1981) (assuming that disparagement can occur only in the commercial context, and equating it with defamation).
 
 
 7
 In any event, we are bound to apply California law, not New York law. California has interpreted a policy identical to the one at issue here as referring to trade libel and slander of title. Nichols v. Great American Ins. Co., 215 Cal.Rptr. 416, 419-20 (Ct.App.1985); accord Aetna Cas. & Sur. Co. v. Centennial Ins. Co., 838 F.2d 346, 351-52 (9th Cir.1988) (applying California law). No California court has ever given the term "disparagement" a meaning beyond trade libel and slander of title. We cannot assume that California, which has clearly set forth the meaning of disparagement, would choose to expand that meaning dramatically in this case. See Day & Zimmermann, Inc. v. Challoner, 423 U.S. 3, 4-5 (1975).
 
 
 8
 We conclude that Maryland was not potentially liable for a judgment on a theory of disparagement under California law, and therefore had no duty to defend Hills against the sex discrimination suit.
 
 AFFIRMED
 
 9
 Judge Fletcher concurs in the result in this case.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Specifically, Hills employees allegedly referred to one plaintiff as a "chronic complainer" and said that she did not "need to work very hard because her husband was a therapist and made lots of money."