OPINION OF THE COURT
Ralph A. Beisner, J.
The defendants in this action are the owners of a mobile home park. The plaintiffs reside in a mobile home owned by *716 Marie Hall in a space leased from defendants. The defendants commenced a summary proceeding in the City Court of Poughkeepsie seeking to evict the plaintiffs on the ground that the number of occupants in the mobile home is in excess of that permitted by the rules and regulations of the mobile home park. The rule at issue provides that there is a limit of two children per trailer for tenants moving into the park after September 1,1984.
Plaintiffs Timothy Hall and Traci Hall reside in a four-bedroom mobile home in the mobile home park with their three children. Plaintiffs commenced this action seeking injunctive and declaratory relief and damages. By order dated and entered September 10, 1991 the City Court of Poughkeepsie proceeding was removed to this court and joined with this action. Plaintiffs now move for an order granting summary judgment in their favor and against the defendants on the ground that the mobile home park rule which limits the number of children permitted to occupy a mobile home violates Real Property Law § 236.
Real Property Law § 236 provides in relevant part:
"a. Any person, firm or corporation owning or having in charge any * * * mobile home park used for dwelling purposes who shall refuse to rent any or part of any such building or mobile home park to any person or family, or who discriminates in the terms, conditions, or privileges of any such rental, solely on the ground that such person or family has or have a child or children shall be guilty of a misdemeanor * * *
"b. Civil liability:
"(1) where discriminatory conduct prohibited by this section has occurred, an aggrieved individual shall have a cause of action in any court of appropriate jurisdiction for damages, declaratory and injunctive relief’.
Plaintiff cites only one reported case, Quinones v Nescie (110 FRD 346 [ED NY 1986]), which specifically mentions Real Property Law § 236 in the context of a discrimination claim. The court’s research has not revealed any other cases addressed to this statute. It should be noted that Real Property Law contains another section 236, "Assignment of lease of a deceased tenant”, which is not germane to this action. In Quinones v Nescie (supra), a prospective tenant and her daughter claimed that they were denied rental housing based on plaintiff’s ethnicity and the presence of her minor child. The *717 apartment was subsequently rented to a childless tenant. The court denied defendant’s motion to dismiss plaintiff’s action, which alleged violations of the Civil Rights Act, the Fair Housing Act and New York Real Property Law § 236.
Defendants herein first argue that plaintiffs’ reliance on Real Property Law § 236 is misplaced because, pursuant to subdivision (a) (2) of that statute it is inapplicable to one- or two-family owner-occupied mobile homes. This argument is utterly without merit. Plaintiffs’ claim of discrimination is against the mobile home park, not against the owner of the mobile home unit.
The conclusory statement of defendants’ attorney that the purpose of the park’s rule is to protect the health and welfare of the park occupants by limiting unsanitary crowding is also without merit. The rule does not limit the number of total occupants of the trailer but only the number of children, regardless of the size of the mobile home.
Real Property Law § 236 plainly prohibits discrimination against lessees in mobile home parks solely on the ground that the lessee has children (see, Ba Mar v County of Rockland, 164 AD2d 605, 613).
Accordingly, the court holds that the rule promulgated by the defendants limiting the number of children per mobile home to two, violates Real Property Law § 236 and defendants are enjoined from evicting plaintiffs solely on the ground that their tenancy violates that rule.