OPINION OF THE COURT
Norman C. Ryp, J.
"Around the child bend all the three Sweet Graces; Faith, Hope, Charity.” (Walter Savage Landor [1824].)
A. ISSUE
Whether Real Property Law § 236 is constitutional (barring housing discrimination against persons with children) facially and in application?
B. PROCEDURAL HISTORY AND FACTS
Defendant, Margarite Jossel, former owner of 4 Gramercy Park West, New York, New York, including its second floor *43 apartment (hereinafter subject premises), moves under CPLR 4404 (a) to set aside a unanimous (6-0) verdict awarding $25,000 in compensatory damages in favor of plaintiff, Mauro Filicore, current tenant of subject premises for violation of Real Property Law § 236 (discrimination against children in dwelling houses and mobile home parks). At the close of evidence, the court dismissed the first and third causes of action. The jury also unanimously (6-0) dismissed both parties’ mutual claims for assault and battery.
This 8-day pioneering jury trial included 14 witnesses (8 for plaintiff and 6 for defendant) and 53 trial exhibits (29 for plaintiff and 24 for defendant). The case was vigorously tried by three highly competent counsel (ironically one defense counsel was an expectant father) under a 30-year-old statute (Real Property Law § 236, as added by L 1965, ch 1031, § 185; as amended by L 1980, ch 701, § 1; L 1983, ch 658, § 1, eff Sept. 23, 1983) for the very first time, according to this court’s research, in New York State. A parallel claim (part of plaintiff’s first and third causes of action), under the Fair Housing Act (Pub L 90-284, tit VIII, § 801, as amended in 1988 by Pub L 100-430, eff Mar. 12, 1989, which added "familial status” [42 USC § 3604 (a), (b)]) was dismissed, as time barred by the court, after all evidence was adduced.
' Before and during trial of this case the court made various rulings, including (a) denying defendant, pursuant to the Domestic Relations Law, leave to review and inspect the sealed Supreme Court, New York County matrimonial file (index No. 62559/87), entitled "Kathie Filicore, plaintiff v. Mauro Filicore, defendant”, as irrelevant and prejudicial except for pedigree information (name, date of birth [Mar. 8, 1985] of plaintiff’s daughter but not residence in subject premises or custody and visitation provisions) from Justice Phyllis B. Gangel-Jacobs’ decision dated May 26, 1989; (b) allowed fair comment, during summation of: (1) Housing Court Judge Joseph B. Goldman’s decision, dated April 3, 1990, and its February 19, 1991 affirmance by the Appellate Term, First Department, as well as (2) Justice Walter M. Schackman’s decision, dated January 14, 1994.
D. CONSTITUTIONALITY
(1) Antidiscrimination Statutes Generally
New York courts have consistently held that though a statute contains penal sanctions (i.e., Executive Law § 299 — also *44 known as New York State’s Human Rights Law) it is similar to the national and. New York State Labor Relations Acts and not viewed as a penal statute. (Insurance Co. v Chinoise Rest. & Trading Corp., 85 AD2d 712 [2d Dept 1981].) Moreover, Real Property Law § 236 specifically added subdivision (b) — entitled "Civil liability” — which afforded "an aggrieved individual” a civil remedy for damages and "reasonable attorney’s fees”. (L 1983, ch 658, § 1, eff Sept. 23, 1983.)
The New York and Federal courts have consistently upheld the constitutionality of United States and New York antidiscriminatory or human rights statutes as nonviolative of free speech and association or due process of the law and within police powers, including the New York Human Rights Law (Executive Law art 15), which covers Executive Law § 296, including subdivision (5) (a) (1) which bars discrimination on the basis of "familial status”. (See, Jews for Jesus v Jewish Community Relations Council, 968 F2d 286 [2d Cir 1992]; also, Jews for Jesus v Jewish Community Relations Council, 79 NY2d 227 [1992]; Matter of State Commn. for Human Rights v Kennelly, 30 AD2d 310 [2d Dept 1968], affd 23 NY2d 722 [1968]; Christie v 46th St. Theatre Corp., 265 App Div 255 [3d Dept 1942], affd 292 NY 520 [1944], cert denied 323 US 710 [1944]; Matter of Cooney v Katzen, 41 Misc 2d 236 [Sup Ct, Onondaga County 1963]; see also, 18 NY Jur 2d, Civil Rights, §§ 18, 21.)
(2) Real Property Law § 236
The court now focuses on Real Property Law § 236 specifically, which the jury found applicable to defendant, but whose constitutionality has not been judicially reviewed nor civilly applied.
Real Property Law § 236 relevantly provides as follows:
"a. Any person * * * owning or having in charge any * * * building * * * used for dwelling purposes who shall refuse to rent any or part of any such building * * * to any person or family, or who discriminates in the terms, conditions, or privileges of any such rental, solely on the ground that such person or family has or have a child or children shall be guilty of a misdemeanor and on conviction thereof shall be punished by a fine of not less than fifty nor more than one hundred dollars for each offense * * *
"b. Civil liability:
"(1) where discriminatory conduct prohibited by this section has occurred, an aggrieved individual shall have a cause of ac *45 tion in any court of appropriate jurisdiction for damages, declaratory and injunctive relief;
"(2) in all actions brought under this section, reasonable attorney’s fees as determined by the court may be awarded to a prevailing plaintiff,(Emphasis added.)
Defendant contends that Real Property Law § 236 is unconstitutionally vague, it is penal in nature and inapplicable to defendant since the statute applies only to the initial rental to plaintiff, which was in 1975, 10 years before Gaia’s birth.
As noted, the original statute was enacted in 1965 to bar any realty owner or managing agent by penal sanction — a misdemeanor punishable by a fine of $50 to $100 for each offense— from discrimination in the initial rental of a dwelling house or unit therein. Its purpose was to protect "persons with children in the rental of housing accommodations.” (See, Governor’s Approval Mem, 1983 McKinney’s Session Laws of NY, at 2791.)
In 1983, Governor Cuomo stated and the New York Legislature agreed that,
"Discrimination against persons with children has also markedly increased, and this has had a particularly deleterious effect on minority households and households headed by women. [This bill] authorizes private suits to vindicate the rights secured by law, permits the award of attorneys’ fees to successful plaintiffs and clarifies that discrimination in the terms and conditions of a rental, such as by increasing the security deposit disproportionately because a person has children, would also be illegal.
"New York’s supply of decent, affordable rental housing is in dwindling supply. We must insure that no unjustified barriers prevent individuals from access to such housing.
"The bills are approved.
"Mario M. Cuomo”. (See, Governor’s Approval Mem, 1983 McKinney’s Session Laws of NY, at 2792.)
The founding parent of housing nondiscrimination against children or "parenthood” or "familial status” is the Fair Housing Act (42 USC § 3604). This Federal statute’s constitutional validity has been upheld and applied to a tenant after initial possession (see, Blaz v Barberton Garden Apt., 972 F2d 346 [6th Cir 1992]; accord, Real Property Law § 236; Hall v Coons, 151 Misc 2d 715 [Sup Ct, Dutchess County 1992]). In fact an earlier New York court affirmed the Temporary City Housing Rent Commission’s refusal to grant a landlord a certificate of eviction as a matter of public policy, holding that a tenant, mar *46 ried after renting an apartment for over a year and whose wife later had a child, could not be evicted for a substantial violation of the tenancy (occupied by more persons than contemplated by landlord upon original rental). (Matter of Wood Co. v Finkelstein, 193 Misc 315 [Sup Ct, Kings County 1948].) Moreover, a New York court dismissed a landlord’s holdover petition brought on the grounds that the tenants were objectionable under a lease clause prohibiting disturbing noises (to tenant below), which were made by the tenants’ two small children, aged two and four, because the noise of the children’s ordinary activities was not excessive or deliberate, considering children are inherently louder than adults. (Matter of Louisiana Leasing Co. v Sokolow, 48 Misc 2d 1014 [Civ Ct, Queens County 1966].) See also, Gilman v City of Newark (73 NJ Super 562, 180 A2d 365 [1962]) which held that a local Newark ordinance prohibiting occupancy of rooming houses by minors was in direct conflict with New Jersey State law banning refusal to rent or lease a residential dwelling to a family with children under 14 years of age or a provision voiding a lease on the birth of a child. This was based on the public policy and interest to favor equality of housing between the childless and those having children, with the effect of separating families with low incomes.
Before 1980, courts generally avoided or deflected on the issue of discrimination against families with children. (See, Bynes v Toll, 512 F2d 252 [2d Cir 1975] [dismissed complaint against SUNY which refused to allow married students with children to live in dormitories as rationally related to dangers of children living in inappropriate facilities, applying the rational basis test in an area of economic and social welfare rather than scrutiny test of a fundamental constitutional interest]; accord, Braunstein v Dwelling Mgrs., 476 F Supp 1323 [SD NY 1979] [held a Federally subsidized housing complex did not violate the Fair Housing Act by, under municipal regulations, refusing to rent two-bedroom apartments to single parents with children of the same gender since same affected both men and women equally and the right to reside in Government-financed housing was not absolute but due process required only that there be ascertainable and reasonable standards].)
This changed in the 1980’s with the above-noted 1988 amendment, effective March 12, 1989 (42 USC § 3604 [a], [b]), adding familial status to the Fair Housing Act and the 1983 amendments to Real Property Law § 236 adding civil liability thereto, effective September 23, 1983. In California, the Fair Employ *47 ment and Housing Act and Unruh Civil Rights Act which bar discrimination against "parenthood” were enforced. (See, Marina Point v Wolfson, 30 Cal 3d 721, 640 P2d 115 [1982], cert denied 459 US 858 [1983]; see also, Note, Why Johnny Can’t Rent — An Examination of Laws Prohibiting Discrimination against Families in Rental Housing, 94 Harv L Rev 1829 [1981]; Annotation, Refusal to Rent Residential Premises to Persons with Children as Unlawful Discrimination, 30 ALR4th 1187, 1188-1196 [1984].)
In 1983, Real Property Law § 236 was amended (L 1983, ch 658, eff Sept. 23, 1983) to add "in the terms, conditions, or privileges of any such rental”, which has been applied after initial rental (Hall v Coons, supra) and clearly applies herein (i.e., immediate family, family unit, window guards, terrace use).
This court notes there is a strong and clear public policy and interest to encourage and promote family unity, parenthood and the welfare of children, who do not choose to be born and may be the divine products of the Old Testament commandment "be fruitful and multiply” (Genesis 1:28), and should, thus, not be the innocent victims of housing discrimination in a dwindling supply of affordable rental housing. Governor Cuomo, in his above-noted 1983 approval memorandum of chapters 657 and 658 of the Laws of 1983, amending Real Property Law § 236, during his "Decade for Children” eloquently articulated that,
"Discrimination against persons with children has also markedly increased, and this has had a particularly deleterious effect on minority households and households headed by women * * *
"We must insure that no unjustified barriers prevent individuals from access to such housing.” (Governor’s Approval Mem, 1983 McKinney’s Session Laws of NY, at 2792.)
For the foregoing reasons, this court finds, as a matter of law, that Real Property Law § 236 is constitutional as a valid and reasonable exercise of New York State’s police power for the public welfare, is not vague, because as noted penal sanctions (see, Insurance Co. v Chinoise Rest. & Trading Corp., 85 AD2d 712, supra) and with reasonable due process of law by the civil liability remedy and defense under the civil justice system or use of the word "solely” which this court, in its charge, reasonably interpreted under the "but for” test and the substantial factor which played a determinative role in provoking the result in question. (Blaz v Barberton Garden Apt., supra.)
*48 G. CONCLUSION
For the foregoing reasons, defendant’s CPLR 4404 (a) motion and cross motion under 42 USC § 3613 (c) (2) for reasonable attorney’s fees are denied, with plaintiiFs request pursuant to Real Property Law § 236 (b) (2) for a reasonable attorney’s fee award held in abeyance as set forth hereinabove.
Settle judgment on notice, including a provision for reasonable attorney’s fees.